THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* BE-NIGNO PACHECO RUIZ, Defendant and Appellant.

No. Cr–62–12.   Decided March 11, 1963.

*A. L. Rodríguez Ramos,* counsel designated by the Supreme Court to assist appellant on appeal. *J. B. Fernández Badillo,*

*Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM.

Appellant was found guilty by a jury of a violation of § 8 of the Weapons Law of Puerto Rico and was sentenced to serve from two (2) to five (5) years' imprisonment in the penitenciary at hard labor.

On appeal, he maintains (1) that he was deprived of a speedy, fair and impartial trial, and (2) that the trial court acted without jurisdiction.

The first contention is based on seven incidents which occurred in the course of the trial and which appellant points out under letters (a) to (g).

Under letter (a) appellant alleges that he was deprived of his right to confront the prosecution witnesses by the manner in which witness Rosa María Martínez testified. This is not correct. Although the witness was hostile to the defense attorneys, she was cross-examined at length by the latter until they ended the cross-examination of their own volition.

Under letter (b) he alleges that the continuance of the case on two occasions on the same day of the trial violated his right to a speedy and impartial trial, and that the trial court erred by its failure to decree the dismissal of the case.

The case was called for trial in the morning of May 24, 1960. The district attorney was not ready for trial because certain material witnesses were not present. At his request, the court postponed the trial until 2:00 p.m. of the same day. The absence of a material witness where, as in this case, proper steps have been taken to secure his presence in court, constitutes good cause, not only to continue the trial several hours later the same day, but to another subsequent date. *Montalvo* v. *District Court,* 59 P.R.R. 545; *People* v.

*Ibern*, 31 P.R.R. 867. The information was filed on August 20, 1959. Defendant was arraigned and given until October 13 to plead, and the trial was held May 24, 1960. Even if more than 120 days had elapsed from the filing of the information until the holding of the trial, the reason for such delay does not appear from the record. It may be inferred, however, that the case had been set on previous occasions and that it was continued because of the material witnesses' failure to appear. Be it as it may, there is no basis to conclude whether there was good cause for the delay in holding the trial. At any rate, the record does not disclose either whether prior to the trial defendant moved for dismissal pursuant to § 448 of the Code of Criminal Procedure (34 L.P.R.A. § 1631). Consequently he waived his right to a speedy trial. *People* v. *Rivera*, 68 P.R.R. 782; *Ferrer* v. *District Court*, 60 P.R.R. 608; *People* v. *Díaz*, 63 P.R.R. 948; *People* v. *Díaz*, 60 P.R.R. 528; *People* v. *Ortiz*, 51 P.R.R. 367.

The assignment under letter (c) is not supported by the record. The trial court ordered the elimination of the comment made by witness Rosa María Martínez and of which appellant complains.

The incident pointed out under letter (d) is answered correctly by the Solicitor General as follows:

"(d) Appellant maintains that the court erred in permitting the district attorney to put words in the mouth of witness Rosa María Martínez which she had not said. Appellant refers to the following question put by the district attorney to that witness:

"'What did defendant do after you said he picked up the revolver, what did he do?' (Tr. Ev. 29.)

"Appellant is not right in our opinion. Witness Rosa María Martínez had testified that defendant had picked up the revolver. (Tr. Ev. at 27, line 24.) She had also testified as follows:

"'A—He came down by the living room door, went to the washroom and picked up a newspaper, then he went under the house... looked at the revolver, then he went

under the house and he came out and went around like this; he roamed around the place, then he came out and sat down... I noticed that he was sitting with his leg like this (she makes a gesture), because the revolver is long and it bothered him here, because I noticed it. I wasn't going to say anything else; my revolver was charged as usual. Something flashed through my mind as if telling me "your revolver." I said, "my revolver?" That was me, talking to myself, and again something said to me "your revolver." ' (Tr. Ev. 25-26.)

■ "At any rate, defendant can not validly complain on appeal of a question to which he did not object nor take exception. *People* v. *Vázquez,* 77 P.R.R. 885, 891 (1955)."

■ Under letter (e) appellant alleges that in summing up the evidence the trial court analyzed incorrectly Rosa María Martínez' testimony, stating "that the defendant was walking in the living room and that he then went under the house and that he was carrying the revolver." The remarks made by the judge agree with the witness' testimony, but even if he deviated slightly from the testimony, such deviation is not substantial and defendant did not take exception to the instructions. *People* v. *Lampón,* 78 P.R.R. 102.

In his instructions to the jury the judge on only one occasion referred to § 138 of the Weapons Law when the offense imputed to defendant was a violation of § 8 of that Law. This error is assigned under letter (f).

■ The lapsus committed by the judge is immaterial and could in nowise affect the substantial rights of defendant. The information charging a violation of § 8 of the Weapons Law was handed to the jury when it retired to deliberate. In his instructions the judge referred to § 8 in defining the offense for which defendant was being prosecuted, and the jury finally found him guilty of that offense. Assuming that the error was committed, it was not fundamental and defendant waived the same by his failure to object and to

take exception. *People* v. *Negrón*, 79 P.R.R. 279; *People* v. *Lampón, supra.*

■ The question raised under letter (g) is without merit. This is shown by the reasoning of the Solicitor General:

"(g)—It is alleged that the trial court destroyed the presumption of innocence to which every defendant is entitled in stating in its instructions that there was evidence on the commission of the offense imputed to defendant.

"At the close of the court's instructions a juror inquired whether the case involved the commission of two offenses, burglary and carrying of weapons, or one offense only. The judge instructed the jury not to consider whether or not the offense of burglary was committed, but only that of carrying weapons, since there was only one information for the latter offense under their consideration. (Tr. Ev. 83.) The following incident then took place:

"'Mr. Rodríguez Ramos:
"'Not only an information, but not even a phase of burglary. The jury should consider that not only is there no information of burglary here, but also that such type of offense is not even mentioned.'

"Hon. Judge:
"'Well, the court already told the jury that there is evidence here... I mean, there is a witness who says that the defendant admitted that he had taken that revolver because she gave him the revolver. That is the evidence under your consideration, and the evidence of this lady and the evidence of the detective and whatever you may find in that evidence which may shed light in determining whether he is innocent or guilty of the offense of carrying weapons, not of the offense of burglary which is not in issue here at all.' (Tr. Ev. 84.)

"It will be seen that the court at no time said that there was evidence on the commission by defendant of the offense of carrying weapons. The court merely charged the jury that although a witness had testified that defendant admitted that he had taken the revolver because it had been given to him, they should not decide whether he was innocent or guilty of the offense of burglary but only of the offense of carrying weapons.

Evidently appellant has picked out an isolated phrase in an attempt to support a mere speculation."

■ Let us consider the error of lack of jurisdiction. There is no clear basis in the record to discuss this assignment. Appellant alleges that the court had ordered the dismissal of the information in this case and had granted to the district attorney 10 days to file a new information. We do not know with certainty whether the order of dismissal was decreed in this same case. What the record does show is that there were several prosecutions pending against defendant. The order of dismissal was issued by the Superior Court, Bayamón Part, in case No. G–58–194 of that court. This prosecution against defendant was instituted in the Superior Court, San Juan Part, under No. G–59–666. Truly, appellant has not enabled us to determine whether the facts involved in both cases were the same. For this reason that assignment of error is dismissed without further consideration.

The judgment appealed from will be affirmed.